UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
EDWIN MORALES and YURIRIA ANGEL,

         Plaintiff,

-against-

Police Officer PEDRO RODRIGUEZ, Shield No. 28987; Police Officer KAI LEE, Shield No. 05706; Sergeant LUIS SARIEGO, Shield No. 04045; Sergeant ANNETT FRANCIS, Shield No. 02215; Sergeant JOSEPH ANTONIO; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

         Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

14 CV 4911 (ILG) (RER)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiffs demand a trial by jury in this action.

## PARTIES

6. Plaintiff Edwin Morales ("Mr. Morales") is a resident of Kings County in the City and State of New York.

7. Plaintiff Yuriria Angel ("Ms. Angel") is a resident of Kings County in the City and State of New York.

8. Defendant Police Officer Pedro Rodriguez, Shield No. 28987 ("Rodriguez"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Rodriguez is sued in his individual and official capacities.

9. Defendant Police Officer Pedro Kai Lee, Shield No. 05706 ("Lee"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Lee is sued in his individual and official capacities.

10. Defendant Sergeant Luis Sariego, Shield No. 04045 ("Sariego"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Sariego is sued in his individual and official capacities.

11. Defendant Sergeant Annett Francis, Shield No. 02215 ("Francis"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Francis is sued in her individual and official capacities.

12.     Defendant Sergeant Joseph Antonio, Antonio ("Antonio"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Antonio is sued in his individual and official capacities.

13.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

14.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

15.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

16.     At approximately 6:15 p.m. on February 17, 2013, Mr. Morales and Ms. Angel were brutally attacked while they were lawfully in the area of 579 58th Street, in Brooklyn, New York.

17.     As Ms. Angel was in a nearby store with their two-year-old son Edwin, Mr. Morales waited for them inside of his car with their nine-month-old son Juan.

18. Defendants approached Mr. Morales and began to berate him and aggressively place him under arrest.

19. During the course of the arrest, Ms. Angel came out of the store and asked defendants what was going on, to which a defendant officer responded, in sum, "shut the fuck up."

20. When Ms. Angel calmly asked again what was going on, the same defendant officer walked over to plaintiff, "palmed" her face and pushed her backward causing her to fall onto the ground.

21. As Ms. Angel lay on the ground, a defendant officer yelled, in sum, "fucking bitch," and began to strike her about her body slamming her head to the ground.

22. Mr. Morales, who was handcuffed, pleaded for the officers to stop beating Ms. Angel, to which an officer responded by punching him directly in his facing and shouting, in sum, "shut the fuck up."

23. Mr. Morales fell to the ground.

24. As Mr. Morales lay on the ground handcuffed, a defendant officer began to strike him including with a baton.

25. Both of plaintiffs' sons observed the assault; plaintiffs' nine month-old-son Juan began to scream as he watched his parents being beaten.

26. Mr. Morales and Ms. Angel were eventually taken to a police precinct.

27. Mr. Morales and Ms. Angel required medical treatment for the injuries sustained by defendants and both were taken to a hospital while in police custody.

28. After being treated, Mr. Morales and Ms. Angel were taken back to the police precinct.

29. After being released from police custody, plaintiffs each required ongoing medical treatment for the injuries they sustained.

30. Mr. Morales and Ms. Angel suffered damages as a result of defendants' actions. Plaintiffs suffered emotional distress, mental anguish, fear, pain, bodily injury and anxiety.

## FIRST CLAIM
### Unreasonable Force

31. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

32. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

33. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Failure To Intervene

34. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

35. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

36. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

37. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:   January 9, 2015
         New York, New York

HARVIS WRIGHT & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwf.nyc

*Attorneys for plaintiffs*